UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff | 4:23-cr-40022 |
| vs. | |
| COLLIN PETER FRANZKY,<br>Defendant | MEMORANDUM OPINION<br>AND ORDER |

Pursuant to 18 U.S.C. § 4241(d) and (e), on January 8, 2025, the Court held a hearing to take testimony on the issue of the competency to stand trial of Defendant, Collin Peter Franzky. Defendant was present, as were Counsel for the Parties. The witnesses for the defense, including Defendant, testified in person; the Government's witness testified by video. The Parties submitted briefs after the hearing. (Doc. 93, 94). Based on the testimony, the Court's interaction with Defendant, the expert reports, the extensive file in the case, and the submissions by the Parties, the Court finds by a preponderance of evidence that Defendant is competent to stand trial.

# BACKGROUND

Defendant has been charged with two counts of violating 18 U.S.C. § 922(g)(4), which prohibits possession of a firearm by a person who has been committed to a mental institution. The indictment alleges that Defendant has

1

previously been committed to a mental institution, knew he had been so committed, and possessed firearms on July 22, 2022, and March 3, 2023. As recounted in the Court's previous Order requiring Defendant's hospitalization pursuant to 18 U.S.C. § 4241(d), Defendant was hospitalized for treatment after a hearing on October 23, 2023, at which Defendant testified. (Doc. 70). At that time, the Court had before it numerous medical records pertinent to Defendant's mental condition. (Doc. 43.) Subsequently, additional documentation has been provided to the Court. (Doc. 50, 69, 71, 83).

Having received a certificate of competency and psychological report from the Warden, Federal Medical Center Devens, attesting to Defendant's competence, Doc. 71, the Court held a brief hearing on October 8, 2024, to assess Defendant's competency to stand trial. In anticipation of receiving additional testimony, the Court recessed the hearing to January 8, 2025. The evidence introduced at that hearing and the expert reports are discussed in detail below.

**FACTS PERTINENT TO COMPETENCY DETERMINATION**

On January 8, 2025, the Court conducted a hearing to receive testimony from several witnesses familiar with Defendant's case. The first witness called by the Defense was Dr. Thomas Price, who had examined Defendant in August 2018, in connection with a state criminal case. His assessment reflected in his expert evaluation was that Defendant was delusional and obsessive about certain events

2

he alleged had occurred involving the state's attorney and others several months earlier. (Doc. 43-1). Dr. Price determined Defendant was not competent to stand trial for the state court proceedings at that time. He did not have further involvement with Defendant.

Dr. Sarah Flynn, a psychiatrist at Sanford Hospital, Sioux Falls, SD, was the second witness to testify for the defense. After describing her credentials, she testified she had interviewed Defendant on December 9, 2024, at the request of Defense Counsel. Her report was admitted as Defense Exhibit A. (Doc. 83). She described Defendant's thought process as logical and organized at times, but "derailed, disorganized, and perseverative" when he discussed his allegations concerning a state's attorney and an alleged assault in 2018. (Id., PgID 656). She diagnosed Defendant as having Schizoaffective Disorder, Bipolar type and Antipsychotic Medication-Induced Parkinsonism. (Id., PgID 657, 689). She based her diagnoses on his history, previous diagnoses, condition, and current symptoms of paranoia and delusions. She described his delusions as "not based in reality" and "persistent." She stated Defendant has a major mood disorder which can be treated by medication that is effective in some people. She reported that she discussed the legal process with Defendant, and he understood the procedures and the importance of consulting with his attorney. (Id., PgID 692-94). Specifically, according to Dr. Flynn's report, Defendant has an "adequate overall level of factual

3

understanding," "severe impairment" of ability to consult with counsel, "moderate impairment" of rational understanding of courtroom proceedings, and "severe impairment" of overall rational ability. (Id., PgID 694-95). In Dr. Flynn's opinion, Defendant is not competent to proceed to trial, based in part on his delusions and in part on how the medication he currently takes would impact his facial expressions and other movements that would be akin to Parkinson's symptoms. (Id., PgID 694-95).

On cross-examination, Dr. Flynn stated she had met with Defendant once, for about 2.5 hours. She agreed Defendant understands the roles of people in the legal process, the charges against him, and court procedure. She repeated that Defendant's Parkinson's-like symptoms and delusions would be problematic in assisting with his defense. In particular, his medication could create a monotone and affect his demeanor when he testifies. In addition, his delusions remain and they relate indirectly to the gun charges. She agreed that Defendant could improve over time with higher doses or different medications. On re-direct, Dr. Flynn repeated that Defendant's delusions persist and that he seems to dwell on the 2018 incident rather than on the current charges.

In response to questioning from the Court, Dr. Flynn indicated Defendant may have some paranoia about his current Defense Counsel as a carryover from his delusions about a prior state's attorney. She agreed Defendant is of at least average

4

intelligence and that medication helps him. If Defendant stops taking his medication, problems can arise, and he would be a danger to the public if he is not incarcerated and medicated.

FPD Investigator Pete Zinner testified for the defense to lay the foundation for several exhibits. He testified that he tried to confirm whether Defendant's account of incidents with the state's attorney in 2018 had occurred and was unable to confirm that they did.

Defendant Franzky testified under oath for the limited purpose of discussing his competency. The Court advised him of the limits and confirmed that the matter was a preliminary determination under FRE 104(a) addressing competency. Defendant described his current medication and its side effects. He stated he understood the purpose of the hearing and wants to be found competent. He provided his version of the events of 2018 involving the state's attorney, his effort to sue people, and his desire for medical treatment.

On cross-examination, Defendant stated he believes he is competent; he understands the charges, penalty and role of the parties in the legal system; he understands the legal process; he can participate to assist his defense counsel; the side effects of his medication impact his ability to write during trial; he has tried to write about the 2018 events but the material has been destroyed and he cannot re-write it on medication; he doesn't want to resume medication that has adverse side

5

effects; the current charges are not based on the same events as in 2018; and he can focus on the current trial and charges without dwelling on any events that may have occurred in 2018.

The Prosecution called Dr. Miriam Kissin as a witness. Dr. Kissin is a psychologist at FMC Devens and was a member of the team that treated Defendant. Her report of her evaluation of Defendant was introduced into evidence and she referred to it throughout her testimony. (Doc. 71, Exhibit 2). Franzky was admitted to FMC Devens in late April 2024, and at that point was diagnosed as having delusions such that he was placed in a secure unit for observation. (Id., PgID 565). Because Defendant was agitated and irritable he was given medication to stabilize him. (Id., PgID 566). The treatment was sufficiently effective that he was housed in a less secure unit eventually but was returned to a locked facility when he was unable to function. He was involuntarily medicated. Subsequently he agreed to Haldol and Ativan injections and improved sufficiently to be moved to a semi-secure unit. (Id., PgID 566-67).

Dr. Kissin formally evaluated Defendant in August 2024, with the process described at Doc. 71, PgID 557 and 569. She met with Defendant, met with the team treating him, obtained information from staff and his group meetings, and reviewed the daily reports. She concluded Defendant has a psychiatric illness involving Schizoaffective Disorder, Manic Type and Alcohol Use Disorder. (Id.,

PgID 568). She testified Defendant was manic and psychotic until medication improved the mood disorder. Defendant's delusions persist but are not prominent. She concluded Franzky has a psychotic condition, but it does not prevent him from participating in the legal process. (Id., PgID 569-74). Her rationale is that although some of Defendant's delusions persist, they do not affect his competency. (Id., PgID 574). She explained that in conversing with Defendant, he knew the charges lodged against him; understood how to defend them; understood the trial process would involve introduction of evidence and argument; understood the Government would need to prove Defendant knowingly violated the statute; and understood the language of the statute. (Id., PgID 570). Defendant indicated to her that he understood the role of participants in trial. (Id.). She reported that Defendant understood that the current charges are based on his having been committed to a state mental institution even though he disagreed about whether he should have been committed. She reported that Defendant had no delusions about these issues.

In Dr. Kissin's opinion, Defendant's persistent delusions do not affect his competency to stand trial. (Id., PgID 573-74). She added that the delusions do not affect Defendant's ability to respond to the charges against him. She stated Defendant does not have symptoms that prevent his working with his attorney although he is dissatisfied with several actions by his Counsel. (Id., PgID 572).

7

On cross-examination Dr. Kissin agreed she has a caseload with 10-15 active cases and other cases in a less active stage. She agreed Defendant had been placed in a secure unit after having been unable to function in a less secure one. She spoke with Defendant many times, but not always about the charges. She stated that Defendant does not believe he has a psychiatric disorder.

Upon questioning by the Court, Dr. Kissin described the process for the competency interview, and clarified that Defendant was sent back to the secure unit because he was not on medication. He was at FMC Devens for approximately four months. He started in the secure unit, was moved to semi-secure and then back to secure, and by the time he was discharged he had been on an open unit for a week or two. He was housed on the semi-secure unit when she interviewed him for his competency evaluation.

## LEGAL STANDARD

When a defendant's competency to stand trial is in issue, 18 U.S.C. § 4241(d) directs the court to determine by a preponderance whether the defendant is competent, and if so, the court must order the defendant's discharge from the facility where he or she is hospitalized and shall set the date for trial. Id. The Eighth Circuit has provided extensive guidance on how a district court must make the assessment required by § 4241, recognizing that it requires a "detailed and fact-intensive analysis" which will be reviewed for clear error. *United States v.*

*Washington*, 968 F.3d 860, 864 (8th Cir. 2020). The decision regarding competency is "committed to the discretion of the district court." *United States v. Barraza*, 982 F.3d 1106, 1112 (8th Cir. 2020) (quoting *United States v. Contreras*, 816 F.3d 502, 514 (8th Cir. 2016)). The court is required to determine that "the defendant is competent at all stages of the prosecution" and has the "present ability to consult with his lawyer with a reasonable degree of rational understanding." *United States v. Dahl*, 807 F. 3d 900, 904 (8th Cir. 2015). In addition, the defendant must have "a rational as well as factual understanding of the proceedings against him." *Id. See also United States v. Ghane, (Ghane II)*, 593 F.3d 775, 780 (8th Cir. 2010) (quoting standard). The burden is on the defendant to demonstrate that he is not competent to stand trial. *United States v. Mueller*, 661 F.3d 338, 352 (8th Cir. 2011) (quoting *United States v. Denton*, 434 F.3d 1104, 1112 (8th Cir. 2006)). As the court stated in *United States v. Wittington*, "the presence of a mental illness does not equate with incompetency to stand trial." 586 F.3d 613, 618 (8th Cir. 2009).

In making its determination about the defendant's competency, the court may rely on the evidence at the hearing, including "expert medical opinions and the court's observations of defendant's demeanor." *Wittington*, 586 F.3d at 618. The court may also rely on any witnesses called by the defense and any other evidence the defendant introduces pursuant to 18 U.S.C. § 4247(d).

9

The inquiry into competence is fact-intensive, as illustrated by the difficult situation in *United States v. Barraza* which required the court on resentencing to determine the competency of a defendant convicted of murder as a juvenile. 982 F.3d 1106 (8th Cir. 2020). Experts offered conflicting reports on defendant's competency, resulting in defendant's commitment pursuant to 18 U.S.C. § 4241. After a certificate of restoration of competency was issued, the court held a hearing and adopted the latest of the expert reports which substantiated the evidence of competency, based in part on educational efforts and a positive institutional record. The court also considered defendant's unintelligible filings with the court, and his identification with the sovereign citizens movement. *Id.* at 1113. The court found by a preponderance that defendant was competent, and the Eighth Circuit affirmed. Likewise, in *Contreras*, the Court addressed the question of competence for sentencing in a prosecution for murder. 816 F.3d at 514. Based on an examination in a federal medical facility, Defendant was deemed to be "malingering" and insufficient data existed to determine he was incompetent. *Id.* The Court found defendant competent to proceed with sentencing based on the psychiatric report, the psychiatrist's testimony, and its observations. The Eighth Circuit affirmed. *Id.*

Similarly, in *United States v. Casteel*, the court conducted a hearing pursuant to 18 U.S.C. §§ 4241 and 4247 and considered the reports and testimony of three experts who had examined defendant. 717 F.3d 635, 642 (8th Cir. 2013). The court

concluded the defendant was mentally ill but competent to stand trial, despite an earlier determination of incompetency which had been followed by a competency restoration. *Id.* The Eighth Circuit affirmed. In *United States v. Ghane, (Ghane I),* the court affirmed a finding of lack of competence to stand trial. 490 F. 3d 1036 (8th Cir. 2007). The case involved some differences of opinion between the experts, prompting the court to clarify that "a district court may rely on one of two competing competency opinions given by qualified experts." *Id.* at 1040 (citing *United States v. Martinez,* 446 F.3d 878, 882 (8th Cir. 2006)). *Accord United States v. Hanson,* 2016 WL 452314 (D.S.D. Feb. 5, 2016) (competing opinions from two experts who had examined defendant permitted the court to rely on the more persuasive).

## DISCUSSION

The current charges relate to Defendant's possession of a firearm on two occasions, knowing he had previously been committed to a mental institution. 18 U.S.C. § 922(g)(4). The Court is cognizant of the fact that Defendant believes he should not have been so committed and that the findings which led to his commitment pertain to an assault which he believes occurred in 2018 and involved the state's attorney and others. Franzky persists in his beliefs, despite investigations uncovering no evidence to support his version of events. He has not been dissuaded from his beliefs. Experts involved in this case refer to Franzky's

beliefs as delusions. The expert diagnoses for Defendant are Schizoaffective Disorder, Bipolar type (Dr. Flynn), Schizoaffective disorder, Manic type (Dr. Kissin), Anti-Psychotic Medication Induced Parkinsonism (Dr. Flynn), and Alcohol Use Disorder, In a Controlled Setting (Dr. Kissin) which are mental illnesses. The Court agrees with the conclusions that Franzky does have delusions, that they persist, and that Franzky is mentally ill.

The Court must assess the effect of Franzky's mental illness on his ability to understand the nature of the charges against him and to assist counsel in his defense. Doctors Kissin and Flynn agree in large part on the mental illness but disagree on its impact on competence. Dr. Flynn focuses on the nature of the illness and its creation of symptoms that mimic Parkinson's disease, thus impacting Defendant's ability to present himself effectively at trial. At the same time, she has determined that based on her discussion with him, he knows the elements of the trial process and his role in it, as well as the role of Defense Counsel and his obligation to assist Counsel. (Doc. 83, PgID 691-96).

Dr. Kissin, on the other hand, agrees with the diagnosis of Schizoaffective Disorder but disagrees with the conclusion Defendant is incompetent to stand trial. She focuses on Defendant's ability to describe the trial process, the roles of the participants in it, the need for evidence at trial, and how it is presented. (Doc. 71, PgID 570-73). Her conclusion is that although Defendant is mentally ill, he is

competent to stand trial based on his understanding of the process and his ability to assist Counsel.

The reports and testimony provided by Drs. Kissin and Flynn have provided considerable information and insight for the Court's review. In additional, a wealth of material has been submitted in the course of this case for the Court to study and assess. It also has been important for the Court to interact with Mr. Franzky at the hearings conducted in this case on January 8, 2025, and October 23, 2023. Mr. Franzky appears to be intelligent and has the ability to communicate. He has discussed his thoughts about events he believes occurred in 2018. He has listened when questions were asked and responded appropriately. He knows what medications he takes and what the side effects are. In the January 8, 2025, hearing, he testified convincingly on cross-examination that he understands the charges against him, the penalty, the role of the participants at trial, the effect of medication on him, and that the current charges relate to incidents that are separate from his beliefs about events in 2018. He is willing and able to assist his attorney.

Based on the evidence presented at the January 8, 2025, hearing; the expert reports and additional information submitted to the Court, (Doc. 43, 50, 69, 71, 83); the testimony of Defendant Franzky; and the arguments and briefs of Counsel, the Court finds as follows:

--Defendant has a mental illness, Schizoaffective Disorder, and possible additional illnesses including Alcohol Use Disorder and Anti-Psychotic Medication Induced Parkinsonism.

--Defendant has been hospitalized at FMC Devens for approximately four months pursuant to this Court's Order during which he was given medications to address his mental illnesses in an effort to restore him to competency.

--Dr. Miriam Kissin, psychologist assigned to the team caring for Defendant at FMC Devens has observed and worked with defendant for approximately four months. She has concluded Defendant is competent to stand trial.

--Dr. Sarah Flynn, psychiatrist at Sanford Medical Center, has examined Defendant at the request of Defense Counsel. She has concluded Defendant is not competent to stand trial, based in part on his diagnosis of Schizoaffective Disorder and in part on his Parkinsonian symptoms that could impact his effectiveness if he testifies at trial.

--The reports and testimony of both Dr. Flynn and Dr. Kissin are helpful but the analysis and conclusions reached by Dr. Kissin are more persuasive on the issue of Defendant's competency for trial. The areas of agreement of the expert witnesses with respect to Defendant's competence to stand trial are as follows: both Dr. Flynn and Dr. Kissin agree Defendant understands the charges against him and their basis; they agree Defendant knows the possible pleas he can enter and

what they mean; they agree Defendant understands the roles of the participants in a trial, including the judge, jury, prosecutor, and defense counsel; they agree Defendant understands he can testify at trial. With respect to assisting his Defense Counsel, Defendant understands the need to communicate with him, to express disagreement if there is any, and he understands that Defense Counsel represents him.

Further analysis with respect to defendant's relationship with Defense Counsel is appropriate. In Dr. Flynn's opinion, Defendant demonstrated "paranoia" with respect to his Defense Counsel because Counsel might present "misinformation." (Doc. 83, PgID 696). However, Defendant also told Dr. Flynn he would consult with his attorney, have discussions with him, and his attorney "was doing a good job for him 'for the most part.'" (Id. PgID 693). In Dr. Kissin's discussion with Defendant, he indicated he might ask for a change of counsel because of disagreement on the issue of Defendant's competency. However, Defendant's mental illness is not "specifically interfering with" Defendant's relationship with his attorney, and Defendant can work "collaboratively" with another attorney for his case. (Doc. 71, PgID 572, 573-74). His relationship with his current attorney is "professional" in Defendant's words. (Id. PgID 572).

--Both in his testimony before the Court and in his discussions with Drs. Flynn and Kissin, Defendant has demonstrated that he understands the trial

process; understands the role of the participants at trial, including the jury and judge; understands the Government's burden to produce sufficient evidence to convict Defendant; understands the role of Defense Counsel. He understands his obligation to assist Defense Counsel and stated at the January 8, 2025, hearing that he could participate in his defense with the attorney who has represented him throughout this case.

--Defendant has demonstrated he understands the charges against him and understands these charges do not relate to events he believes occurred in 2018 about which he continues to have delusions.

--The Court finds that Defendant can put aside his delusions regarding the 2018 events and fully participate with his lawyer in the trial on his pending charges. Based on Defendant's two appearances before the Court, Defendant's speech and demeanor will not hinder his presentation and participation at trial.

--It is the Court's conclusion that Defendant is not a danger to himself or the public as long as he is appropriately medicated. Once Defendant is not appropriately medicated, he is then a danger to the public.

Based on these findings, pursuant to 18 U.S.C. § 4241(e), the Court finds Defendant Collin Peter Franzky is competent to stand trial for the charges currently pending against him.

Accordingly, IT IS ORDERED that Defendant Collin Peter Franzky is

competent to stand trial. A trial date will be set by separate Order.

Dated this 15th day of April, 2025.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge